## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CAF-REO-1, LLC, | ) |
|  | ) |
|                 **Plaintiff** | ) |
|  | ) |
| v. | ) |
|  | ) |
| LH ACQUISITIONS, LLC, a Delaware | )    Docket No.: _____ |
| limited liability company, | ) |
| Serve: Alan E. Wolf, Registered Agent | ) |
| 294 Main St., Cumberland Center, ME 04021 | ) |
|  | ) |
| LH HOUSING, LLC, a Maine | ) |
| limited liability company, | ) |
| Serve: Alan E. Wolf, Registered Agent | ) |
| 294 Main St., Cumberland Center, ME 04021 | ) |
|  | ) |
| SCOTT P. LALUMIERE, a Maine resident | ) |
| Serve at : 84 Middle St., Portland, ME 04101 | ) |
|  | ) |
|                 **Defendants.** | ) |

## **VERIFIED COMPLAINT**

Plaintiff CAF-REO-1, LLC ("**Plaintiff**" or "**Lender**"), by and through its attorneys and for its Verified Complaint, states as follows against Defendants LH Acquisitions, LLC, LH Housing, LLC, and Scott P. Lalumiere (collectively, "**Defendants**"):

### *The Parties*

1. Lender is a limited liability company formed under the laws of the State of Delaware.

2. For the purposes of diversity jurisdiction, Lender is a citizen of the State of Maryland. Plaintiff's sole member is Corevest American Finance Lender, LLC, a Delaware limited liability company. The sole member of Corevest American Finance Lender, LLC is Redwood Trust, Inc., a corporation incorporated under the laws of the State of Maryland with its principal place of business located in the State of Maryland.

3. Defendant LH Acquisitions, LLC ("**Borrower**") is a limited liability company organized under the laws of the State of Delaware and has transacted business in the State of Maine.

4. For the purposes of diversity jurisdiction, Borrower resides in the State of Maine because its sole member, Scott P. Lalumiere is a resident of the State of Maine.

5. Defendant LH Housing, LLC ("**Creditor**") is a limited liability company organized under the laws of the State of Maine and has transacted business in the State of Maine.

6. For the purposes of diversity jurisdiction, Creditor resides in the State of Colorado, because its members, Eric J. Holsapple and Wayne Lewis, are residents of the State of Colorado.

7. Defendant Scott P. Lalumiere ("**Guarantor**") is an individual residing in Maine who has transacted business in the State of Maine. For the purposes of diversity jurisdiction, Guarantor is a resident of the State of Maine.

8. For the purpose of diversity jurisdiction, Guarantor is a resident of the State of Maine.

### *Jurisdiction and Venue*

9. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

### *Introduction*

11. This mortgage foreclosure actions relates to a loan transaction (the "**Loan**") under which Borrower is a borrower.

74626175.2

12. The Loan is secured by 14 residential properties (collectively referred to herein as the "**Properties**") located in Cumberland, Sagadahoc, Somerset, Androscoggin and York counties in the State of Maine. A list of the Properties is attached to the Loan Agreement (as defined below) as Exhibit A.

*The Loan Transaction*

13. The terms and conditions of the Loan are set forth in that certain Loan Agreement, dated as of October 17, 2019 (the "**Loan Agreement**"), executed by Borrower. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

14. The indebtedness owed in connection with the Loan is further evidenced by that certain Promissory Note, dated October 17, 2019, in the original principal amount of $1,472,000.00 (the "**Note**"), signed and delivered by Borrower. The note is indorsed to Lender. A true and correct copy of the Note is attached hereto as **Exhibit B**.

15. The indebtedness owed under the Loan is secured by the following security instruments (collectively, the "**Security Instruments**") described as follows:

(a) A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 419 Hollis Road, Hollis, Maine, and recorded with the York County Register of Deeds on October 24, 2019 in Book 18079, Page 396 (a copy of which is attached hereto as **Exhibit C**);

(b) A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 2 West Street, Fairfield, Maine, and recorded with the Somerset County Register of Deeds on October 24, 2019 in Book 5478, Page 265 (a copy of which is attached hereto as **Exhibit D**);

74626175.2

(c) A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 115 Dummer Street, Bath, Maine and 84 Bluff Road, Bath, Maine, and recorded with the Sagadahoc County Register of Deeds on October 25, 2019 in Book 2019R, 07330 (a copy of which is attached hereto as **Exhibit E**);

(d) A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 10 Frye Road, Raymond, Maine; 294 Hio Ridge Shores South, Bridgton, Maine; 29 Terrace Lane, Casco, Maine; 3 Graystone Drive, Casco, Maine; 70 Webbs Mill Road, Raymond, Maine; and 871 Boundary Road, Standish, Maine, and recorded with the Cumberland County Register of Deeds on October 25, 2019 in Book 36106, Page 196 (a copy of which is attached hereto as **Exhibit F**);

(e) A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 223 Gamage Avenue, Auburn, Maine; 2734 Auburn Road, Turner, Maine; 55 Caron Lane, Auburn, Maine; and 60 Gill Street, Auburn, Maine, and recorded with the Androscoggin County Register of Deeds on October 24, 2019 in Book 10213, Page 201 (a copy of which is attached hereto as **Exhibit G**);

16. Also in connection with the Loan, Guarantor executed that certain Sponsor Guaranty agreement (the "**Guaranty**") dated October 17, 2019, pursuant to which Guarantor absolutely and unconditionally guaranteed certain amounts due and owing under the Note, all as further described in the Guaranty. At true and correct copy of the Guaranty is attached hereto as **Exhibit H**.

74626175.2

17. The Security Instruments were assigned from Corevest American Finance Lender, LLC ("**Original Lender**") to CF Corevest Purchaser LLC, from CF Corevest Purchaser LLC to CAF Term Borrower MS LLC, from CAF Term Borrower MS LLC to Corevest Purcahser2 LLC and then from Corevest Purchaser2, LLC to Lender, pursuant to certain Assignments of Security Instrument all duly recorded in the counties in which the Security Instruments were recorded (collectively referred to herein as the "**Mortgage Assignments**"). The Mortgage Assignments, as recorded, are collectively attached hereto as **Exhibit I**.

18. The assignment of the Loan to Lender is also evidenced by a series of allonges, copies of which are attached to the Note, making the Note payable to Lender. As a result, Lender is the owner and holder of the Note, Security Instruments, Loan Agreement, Guaranty and all other documents executed in connection with or further securing the amounts owed under the Note (collectively, the "**Loan Documents**").

*Default under the Loan*

19. Borrower failed to make the monthly payment due under the Note for the months of January 2020 to present. As a result, an Event of Default occurred under the Loan Documents, and Lender provided notice to Borrower of the same on or about January 31, 2020. A true and correct copy of the default letter is attached hereto as **Exhibit J**.

20. Borrower failed to cure the existing defaults under the Loan, and, as a result, on or about February 13, 2020, Lender provided notice to Borrower that Lender had elected to accelerate the debt due and owing under the Loan and that Lender had elected to revoke Borrower's license under the Loan Documents to receive, collect and make use of rents, profits and income of any other type. A true and correct copy of the acceleration letter sent by Lender to Borrowers is attached hereto as **Exhibit K**.

74626175.2

21. As of September 9, 2020, the following amounts were due and owing under the Loan Documents:

| | | |
|---|---|---|
| a. | Principal: | $1,472,000.00 |
| b. | Accrued Interest: | $60,071.76 |
| c. | Default Interest: | $51,518.88 |
| d. | Late Fees: | $2,860.56 |
| e. | Total: | $1,586,451.20 |

22. Non-default interest, default interest, and fees and costs, including attorneys' fees, have continued to accrue since September 9, 2020, and such amounts are due and owing to Plaintiff under the terms and provisions of the Loan Documents (such amounts, together with the amounts set forth in paragraph 23 above, being referred to herein as the **"Indebtedness"**).

### *Right to Foreclose*

23. Under Section 7.01 of the Security Instruments, while any Event of Default remains uncured, Plaintiff (or a receiver Plaintiff seeks to have appointed) is entitled to enter upon and take possession and control of the Property, manage and operate the Property, and collect and receive all rents and other income from the Property.

24. Accordingly, as a result of Borrower's defaults under the Loan Documents, Plaintiff is entitled to an order directing all rents, issues and profits from the Property be remitted to Plaintiff to the exclusion of Defendants, in accordance with the terms of the Loan Documents.

25. Further, under Section 7.01 of the Security Instruments, upon an event of default, Plaintiff has the right to institute a proceeding for foreclosure. Thus, Plaintiff is entitled to an Order from the Court that the Security Instruments be foreclosed.

26. Lender reserves any and all collection or other rights to the extent authorized by the Loan Documents against any person or entity in association with the Loan, or the Property,

including its right to collect a deficiency judgment, to proceed against any guarantor, and to otherwise enforce recourse liabilities of Borrower or any guarantor to the extent provided in the Loan Documents.

## COUNT I
## (SUIT ON NOTE)

27. Lender re-alleges and incorporates by reference each and every preceding allegation of this Verified Complaint as though fully set forth herein.

28. Borrower is in default, and an Event of Default has occurred, under the Note and other Loan Documents as a result of Borrower's failure to make payments as and when due under the Note.

29. Under the Loan Documents, Borrower agreed that all fees and expenses, including attorneys' fees, incurred by Lender in connection with Lender's enforcement of the terms of the Loan Documents, shall be part of the indebtedness owed by Borrower to Lender under the Loan Documents.

30. Lender has incurred fees and expenses, including attorneys' fees, in connection with Lender's efforts to enforce the terms of the Loan Documents.

31. Lender has fully performed all of its obligations under the Note and other Loan Documents.

32. All conditions precedent to the bringing of this action have occurred or been waived.

WHEREFORE, Lender requests entry of judgment against Defendant LH Acquisitions, LLC on Count I of this Petition finding that, as of September 9, 2020, the following amounts are due and owing by Borrower to Lender under the Note and Loan Documents: principal in the amount of $1,472,000; interest in the amount of $60,071.76; default interest in the amount of

$51,518.88; late fees in the amount of $2,860.56; and any and all fees and costs incurred by Lender including its attorneys' fees, both to date and hereafter, in connection with the collection of the amounts due and owing under the Note and Loan Documents.

## COUNT II
### (SUIT ON GUARANTY)

33. Lender re-alleges and incorporates by reference each and every preceding allegation of this Petition as though fully set forth herein.

34. Borrower is in default, and an Event of Default has occurred, under the Note and other Loan Documents as a result of Borrower's failure to make payments as and when due under the Note.

35. Under the Guaranty, Guarantor agreed to pay all amounts owed by Borrower under the Note. Guarantor has failed to pay such sums due and owing, in breach of the Guaranty.

36. Under the Guaranty, Guarantor also agreed that all fees and expenses, including attorneys' fees, incurred by Lender in connection with Lender's enforcement of the terms of the Loan Documents, shall be part of the indebtedness owed by Guarantor to Lender under the Loan Documents.

37. Lender has incurred fees and expenses, including attorneys' fees, in connection with Lender's efforts to enforce the terms of the Loan Documents.

38. Lender has fully performed all of its obligations under the Note, Guaranty and other Loan Documents.

39. All conditions precedent to the bringing of this action have occurred or been waived.

WHEREFORE, Lender requests entry of judgment against Defendant Scott P. Lalumiere on Count II of this Petition finding that, as of September 9, 2020, the following amounts are due and owing by Guarantors to Lender under the Guaranty and Loan Documents: principal in the amount of $1,472,000; interest in the amount of $60,071.76; default interest in the amount of $51,518.88; late fees in the amount of $2,860.56; and any and all fees and costs incurred by Lender including its attorneys' fees, both to date and hereafter, in connection with the collection of the amounts due and owing under the Note and Loan Documents.

## COUNT III
## (FORECLOSURE)

40. Lender re-alleges and incorporates by reference each and every preceding allegation of this Petition as though fully set forth herein.

41. Plaintiff is the current owner and holder of the Security Instruments, pursuant to which Borrower granted a lien on the Property.

1. The Security Instruments permit Plaintiff to foreclose upon the Property in the event that Borrower default under the Note or other Loan Documents. **Exhibit B** is a true and correct copy of the Note. Lender is in possession of the original Note. **Exhibits C-G** are true and correct copies of the Security Instruments.

2. Borrower is in default under the Note and under the other Loan Documents, and, as a result thereof, Plaintiff accelerated the debt owed thereunder and is entitled to foreclose upon the Property.

3. Plaintiff is entitled to appoint a receiver to serve and to have the compensation of such receiver taxed as an expense of administration.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff for foreclosure of the Property as follows:

A. Finding that Defendant, LH Acquisition, LLC, has breached the conditions of the Security Instruments by failing to remit timely payments as they came due;

B. Declaring that Plaintiff's liens are valid and that its liens on the Property are prior to any liens and/or interest asserted by and of the Defendants hereto;

C. Ordering that Plaintiff has the legal right, and is authorized, to foreclose on the Property:

(i) in separate parcels or in a single parcel, whichever will in Plaintiff's discretion maximize the value of the Property;

(ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof;

(iii) subject to any state of facts that an accurate survey would show;

(iv) subject to covenants and restrictions of record, if any; and

(v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises;

D. Declaring that such foreclosure will vest in the purchaser free and clear title to the Property, including free of any and all interests that are or might be asserted by the Defendants to this Complaint;

E. Determining the amounts due pursuant to the Note and Security Instruments, including principal, interest, reasonable attorneys' fees, court costs, and other expenses;

F. Ordering that Plaintiff has the right to credit bid at such foreclosure sale all or any portion of the Indebtedness;

G. Ordering and directing that the United States Marshal or any referee appointed in this action foreclose the Property and deliver title to the prevailing bidder via a Marshal's Deed or other deed and/or bill of sale, as appropriate;

H. Ordering and directing that the proceeds of the sale be applied as follows:

(i) to payment of the expenses of the sale;

(ii) to the payment of the Indebtedness owed to Plaintiff;

(iii) to the payment of foreclosure costs and other accrued costs in connection with the foreclosure;

(iv) to the payment, at Plaintiff's option, of any real property taxes that may be due and unpaid in connection with the Property;

(v) to the payment, at Plaintiff's option, of all other assessments against or attributable to the Property; and

(vi) the surplus, if any, to the payment of debts secured by junior liens on the Property and then, to Borrowers, in accordance with further order of the Court;

I. Ordering that Borrowers have no right of redemption or reinstatement with respect to the Property;

J. Finding that Plaintiff has reserved its right to collect a deficiency judgment and any and all collection or other rights to the extent authorized by the Loan Documents against any person or entity in association with the Loan, or the Property, including its right to collect a deficiency judgment, to proceed against any guarantor, and to otherwise enforce recourse liabilities of Borrower or any guarantor to the extent provided in the Loan Documents.

K. Ordering all further relief that is just, proper, and equitable.

Dated: September 21, 2020

          Respectfully submitted:

          Plaintiff,

          **CAF-REO-1, LLC**

          */s/ Derek A. Castello*
          Derek A. Castello, Esq.  (#6060)
          Demerle Hoeger, LLP
          10 City Square
          Boston, MA 02129
          Phone:  (617) 337-4444
          Fax:  (617) 337-4496
          dcastello@dhnewengland.com

          -and-

          Amy E. Hatch (pro hac pending)
          Polsinelli PC
          900 W. 48th Place, Suite 900
          Kansas City, Missouri 64112
          Phone: (816) 753-1000
          Fax:    (816) 753-1536
          ahatch@polsinelli.com

          *Attorneys for Plaintiff*

STATE OF WA

COUNTY OF Snohomish

Christopher D. Cimino, being duly sworn, says that he is a director with Situs Holdings, LLC, the special servicer and authorized agent for Plaintiff CAF-REO-1, LLC, that he has read the foregoing Verified Complaint and said Verified Complaint is true to his own knowledge except as to matters therein stated to be alleged on information and belief and that as to those matters he believes them to be true.

_____
Christopher D. Cimino

Sworn to before me this

17 day of September, 2020

_____
Notary Public

13

74626175.2