# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE (PORTLAND)

| | | |
|---|---|---|
| CAF-REO-1, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:20-cv-00333-JDL |
| v. | ) | |
| | ) | |
| LH ACQUISITIONS, LLC; | ) | |
| LH HOUSING, LLC; and | ) | |
| SCOTT P. LALUMIERE, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT OF FORECLOSURE AND SALE

**PROPERTY ADDRESS: 419 HOLLIS ROAD, HOLLIS, MAINE**
**MORTGAGE RECORDED WITH YORK COUNTY REGISTER OF DEEDS ON**
**OCTOBER 24, 2019 IN BOOK 18079, PAGE 396**

**PROPERTY ADDRESS: 2 WEST STREET, FAIRFIELD, MAINE**
**MORTGAGE RECORDED WITH SOMERSET COUNTY REGISTER OF DEEDS ON**
**OCTOBER 24, 2019 IN BOOK 13578, PAGE 265**

**PROPERTY ADDRESS(ES): 115 DUMMER STREET, BATH, MAINE;**
**AND 84 BLUFF ROAD, BATH, MAINE**
**MORTGAGE RECORDED WITH SAGADAHOC COUNTY REGISTER OF DEEDS ON**
**OCTOBER 25, 2019 IN BOOK 2019R, 07330**

**PROPERTY ADDRESS(ES): 10 FRYE ROAD, RAYMOND, MAINE;**
**294 HIO RIDGE SHORES SOUTH, BRIDGTON, MAINE;**
**29 TERRACE LANE, CASCO, MAINE;**
**3 GRAYSTONE DRIVE, CASCO, MAINE;**
**70 WEBBS MILL ROAD, RAYMOND, MAINE;**
**AND 871 BOUNDARY ROAD, STANDISH, MAINE**
**MORTGAGE RECORDED WITH CUMBERLAND COUNTY REGISTER OF DEEDS**
**ON OCTOBER 25, 2019 IN BOOK 36106, PAGE 196**

**PROPERTY ADDRESS(ES): 223 GAMAGE AVENUE, AUBURN, MAINE;**
**2734 AUBURN ROAD, TURNER, MAINE;**
**55 CARON LANE, AUBURN, MAINE;**
**AND 60 GILL STREET, AUBURN, MAINE**
**MORTGAGE RECORDED WITH ANDROSCOGGIN COUNTY REGISTER OF DEEDS**
**ON OCTOBER 24, 2019 IN BOOK 10213, PAGE 201**

On September 21, 2020, Plaintiff CAF-REO-1, LLC ("**Lender**" or "**Plaintiff**") commenced this action seeking foreclosure of its mortgage lien on certain property located in the State of Maine, as further described herein, and a deficiency judgment for any deficiency after the sale of the property against the personal guarantor, Scott P. Lalumiere.  Defendant LH Acquisition, LLC ("**Borrower**") is the owner of the property at issue, Defendant LH Housing, LLC ("**LH Housing**") asserts a lien on such property, and Defendant Scott P. Lalumiere is a personal guarantor on the mortgage loan ("**Guarantor**").  None of the Defendants (Borrower, LH Housing, and Guarantor) filed a responsive pleading in this matter.  Upon consideration of the pleadings of record, supporting documentation, and upon the testimony presented by Plaintiff at trial on June 29, 2021, the Court finds and enters judgment of foreclosure and sale in favor of Plaintiff as follows.

1.      All necessary parties have been served with a copy of the Summons and *Verified Complaint* (the "**Complaint**"), and the Court has jurisdiction over each such party and the subject matter of this action.

2.      Plaintiff, CAF-REO-1, LLC, c/o VCORPO Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805 is represented in this action by Derek A. Castello, Esq., Demerle Hoeger LLP, 10 City Square, Boston, MA 02129.

3.      Defendant, LH Acquisitions, LLC, c/o Alan E. Wolf, 294 Main Street, Cumberland Center, Maine 04021 is not represented by counsel in this action.

4.      Defendant, LH Housing, LLC, c/o Alan E. Wolf, 294 Maine Street, Cumberland Center, Maine 04021 is not represented by counsel in this action.

5.      Defendant, Scott P. Lalumiere, 84 Middle Street, Portland, Maine 04101 is represented in this action by Richard P. Olson, Esq., Curtis Thaxter, One Canal Plaza, Suite 1000, Portland, Maine 04101.

6.      Plaintiff is the holder of the Loan Documents (as defined below) at issue in this matter, Borrower executed the respective Loan Documents, and Plaintiff is entitled to judgment as set forth herein.

7.      On October 17, 2019 Borrower entered into a commercial real estate mortgage loan transaction (the "**Loan**"), pursuant to which Borrower signed and delivered to Corevest American Finance Lender LLC ("**Original Lender**") a certain Promissory Note (as amended or modified, the "**Note**") in the original principal amount of $1,472,000.  Plaintiff is the owner of the Loan and is the holder and owner of the Note and other Loan Documents.

8.      Borrower has been unable to pay to Plaintiff the amounts due and owing under the Note at the time and manner required by the Note.

9.      The amounts owed under the Note as of June 30, 2021 are $2,039,595.60 as follows: principal in the amount of $1,472,000; 5.83% interest in the amount of 130,395.08; 5.0% default interest in the amount of $105,493.33, interest and default interest accruing, in the aggregate amount, after June 30, 2021 at a post-judgment interest rate of 10.83%; prepayment premium in the amount of $262,572.53; servicer administrative fees in the amount of $300.00; lender advances as follows: collateral valuations in the amount of $3,290.00, collateral inspections in the amount of $4,800.00, property insurance in the amount of $9,005.22, and property tax assessments in the amount of $24,117.86; accrued late charges in the amount of $5,796.78; less escrow funds on deposit -$1,629.05; attorney's fees in the amount of $23,453.85, attorney's fees

continuing to accrue; and such fees and costs that may continue to be incurred by Lender after June 30, 2021 (all of the foregoing, collectively, the **"Indebtedness"**).

10.    The Indebtedness evidenced by the Note is secured by the following security instruments (collectively, the "**Security Instruments**") executed in connection with the Loan:

(a)    A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 419 Hollis Road, Hollis, Maine, and recorded with the York County Register of Deeds on October 24, 2019 in Book 18079, Page 396;

(b)    A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 2 West Street, Fairfield, Maine, and recorded with the Somerset County Register of Deeds on October 24, 2019 in Book 13578, Page 265;

(c)    A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 115 Dummer Street, Bath, Maine and 84 Bluff Road, Bath, Maine, and recorded with the Sagadahoc County Register of Deeds on October 25, 2019 in Book 2019R, 07330;

(d)    A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 10 Frye Road, Raymond, Maine; 294 Hio Ridge Shores South, Bridgton, Maine; 29 Terrace Lane, Casco, Maine; 3 Graystone Drive, Casco, Maine; 70 Webbs Mill Road, Raymond, Maine; and 871 Boundary Road, Standish, Maine, and recorded with the Cumberland County Register of Deeds on October 25, 2019 in Book 36106, Page 196;

(e)      A Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of October 17, 2019 on 223 Gamage Avenue, Auburn, Maine; 2734 Auburn Road, Turner, Maine; 55 Caron Lane, Auburn, Maine; and 60 Gill Street, Auburn, Maine, and recorded with the Androscoggin County Register of Deeds on October 24, 2019 in Book 10213, Page 201;

11.      Under the Security Instruments, Lender holds a first priority lien on certain real property, together with the improvements thereon legally described on **Exhibit A** as attached to each respective mortgage and as described below: (collectively referred to herein as the "**Property**"):

a.      10 Fyre Road, Raymond, Maine

b.      115 Dumner Street, Bath, Maine

c.      2 West Street, Fairfield, Maine

d.      223 Gamage Avenue, Turner, Maine

e.      2734 Auburn Road, Turner, Maine

f.      294 Rio Ridge Road, Bridgton, Maine

g.      29 Terrace Lane, Casco, Maine

h.      3 Graystone Drive, Casco, Maine

i.      419 Hollis Road, Hollis, Maine

j.      55 Caron Lane, Auburn, Maine

k.      60 Gill Street, Auburn, Maine

l.      709 Webbs Mill Road, Raymond, Maine

m.      84 Bluff Road, Bath, Maine

n.      871 Boundary Road, Standish, Maine

78151081.1

12.     The Security Instruments were assigned from Original Lender to CF Corevest Purchaser LLC, from CF Corevest Purchaser LLC to CAF Term Borrower MS LLC, from CAF Term Borrower MS LLC to Corevest Purcahser2 LLC and then from Corevest Purchaser2, LLC to Lender, pursuant to certain Assignments of Security Instrument all duly recorded in the counties in which the Security Instruments were recorded (collectively referred to herein as the "**Mortgage Assignments**").

13.     Plaintiff is the current holder and owner of the Loan and of the Note, the Security Instruments, and all other documents further evidencing, securing, or at any time executed in connection with the Loan (collectively, the "**Loan Documents**"), and Lender is the holder of a good and valid lien on the Property, which lien remains a first-priority lien except for any lien (if any) securing the payment of any unpaid real estate taxes and assessments.

14.     Under each of the Security Instruments, by virtue of the default on the Loan, the Security Instruments have become absolute, and Plaintiff is entitled to foreclose the Property free and clear of any and all interests that any one or more of the Defendants may have or ever assert to the Property, including any right of redemption thereto.

15.     Pursuant to the covenants and conditions of the Security Instruments, in addition to the sums due the Lender under the Note, the Lender is also entitled to payment, from the proceeds of the foreclosure, of the expenses incurred for the protection of its interest and/or enforcement of its rights, including the remittance to the Lender of all fees and costs that are incurred by Lender in connection with the collection of the amounts due and owing under the Loan Documents and that are incurred by Lender for the protection, preservation and realization of the Property;

16.     Any claims Lender may now or at any time hereafter have against any third party related to the Loan are unaffected and reserved by this Judgment (as are the defenses of any such

third party with respect to any such claims), and this Judgment neither bars nor estops Lender from pursuing any such meritorious claims related to the Loan and in accordance with any documents executed therewith.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, AND JUDGMENT IS ENTERED,** that Plaintiff is the holder of valid and subsisting liens on all of the Property;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AND JUDGMENT IS ENTERED,** that Plaintiff is found to have a valid and subsisting first-priority lien on all of the Property by virtue of its Security Instruments (subject only to any lien securing unpaid real estate taxes and assessments);

**IT IS FURTHER ORDER, ADJUDGED, AND DECREED, AND JUDGMENT IS ENTERED,** that the Security Instruments may be foreclosed and sold by Plaintiff, free and clear of any interest asserted therein by Defendants, and that Plaintiff shall be entitled, at such foreclosure sale, to credit bid in Plaintiff's discretion any portion of or the full amount of the Indebtedness;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AND JUDGMENT IS ENTERED:** that Defendants' equity of redemption, and the equity of redemption of any person or entity claiming under or through them, as to the Property, shall be foreclosed ninety days after entry of this Order; that after the expiration of the right of redemption and recording in the relevant registr(ies) of deeds of a certified copy of this Order, the Property shall be sold free and clear of any and all rights, claims, interests, or liens of any party hereto or any person or entity claiming under or through them; that an Order of Sale shall be issued to the United States Marshal directing the Marshal to appraise, advertise, and sell the Property as upon execution according to law; that

the United States Marshal shall report his findings to the Court for further order; and that the purchaser or purchasers at such foreclosure sale shall be awarded a writ of possession of the Property.  The United States Marshal shall hold the proceeds from the sale pending a further order of this Court, with any and all liens on the Property transferring to the proceeds of the sale;

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, AND JUDGMENT IS ENTERED**, that any deficiency balance owed after the sale of the Property may be assessed against the Guarantor and the Plaintiff may enforce its right to collect a deficiency judgment, proceed against the Guarantor, and to otherwise enforce its recourse liabilities against Guarantor and the rights of the Guarantor to assert defenses against such efforts are preserved.

This is a final appealable order.  There is no just cause for delay in entering Judgment as aforesaid.

**SO ORDERED.**

Dated:  July 29, 2021

_____
**/s/ Jon D. Levy**
**CHIEF U.S. DISTRICT JUDGE**

78151081.1